| STATE OF INDIANA | IN THE PORTER CIRCUIT/SUPERIOR COURT |
|---|---|
| COUNTY OF PORTER | CASE NO.: |

| | |
|---|---|
| RICHARD KRIEG and NICOLE KRIEG | |
| Plaintiffs, | |
| v. | |
| STATE FARM FIRE and CASUALTY COMPANY | |
| Defendant. | |

# COMPLAINT

COME NOW Richard Krieg and Nicole Krieg ("Plaintiffs"), by counsel, Ashford DiMartino, P.C., for their claims against State Farm Fire Casualty Company ("Defendant") states as follows:

## THE PARTIES

1)   At all times relevant herein, Plaintiffs have been residing in Porter County, Indiana.

2)   At all times relevant hereto, Plaintiffs owned certain real estate and improvements located at 2200 Hamstrom Rd., Portage, IN 46368 (the "Residence").

3)   At all times relevant hereto, Defendant is and has been an Illinois-based insurance company, doing business and selling policies of Homeowners' insurance in the state of Indiana.

4)   At all times relevant hereto, Defendant has been licensed by the Indiana Department of Insurance to issue homeowners' insurance policies to Indiana residents, and has been doing business in accordance therewith.

## THE POLICY

5)  At all times relevant hereto, Defendant issued Homeowners Policy, Policy Number 14-CC-P985-4 (the "Policy") to Plaintiffs, which specifically covered the Residence. [A certified copy of the Policy attached hereto and incorporated herein as Exhibit "A".]

6)  The relevant term of coverage with respect to this lawsuit is 5/27/2022-5/27/2023.

7)  The Policy provides coverage for loss to the Dwelling (Residence), Other Structures Personal Property and loss of use.

8)  Plaintiffs paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

9)  The Policy remained in force throughout the duration of the Term, and thereafter was renewed.

## THE CLAIMS

10)  On or about September 6, 2022, a motor vehicle damaged Plaintiffs' dwelling, other structures, and personal property.

11)  Shortly thereafter, Plaintiffs reported their claim to Defendant.

12)  Defendant received timely notice of the damage claim, and further assigned it Claim Number 1438W657F.

13)  Defendant inspected the property and determined that it was a covered loss.

14)  Plaintiffs fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

15)  Plaintiffs have not excused Defendant's non-performance of its obligations

under the Policy.

16) Plaintiffs have satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by Defendant.

17) At all times relevant hereto, Defendant has acted by and through its employees and agents in its handling of the Claim.

## COUNT I – BREACH OF CONTRACT

1-17. Plaintiffs repeat and re-allege paragraphs 1-17, as if fully reincorporated herein.

18) The Policy is a valid contract ("Contract") between Plaintiffs and Defendant.

19) In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing toward Plaintiffs.

20) Defendant has breached its Contract with Plaintiffs in one or more of the following ways:

    a) Misrepresenting the terms and conditions of coverage;

    b) Failing and refusing to pay for the replacement cost and/or actual cash value and depreciation for Plaintiffs' damaged property;

    c) Failing and refusing to pay Plaintiffs in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiffs regarding their claim;

    d) Misrepresenting Defendant's policies regarding payment of coverages;

    e) Failing and refusing to pay the cost to replace Plaintiffs' damaged property, without legal excuse or justification;

    f) Failing and refusing to pay Plaintiffs pursuant to the replacement cost

coverage for which the Plaintiffs have paid additional premiums and costs;

g) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

h) Intentionally misleading and/or deceiving Plaintiffs;

i) Failing and/or refusing to properly inspect and/or investigate the loss; and

j) Failing to exercise good faith and fair dealing in its handling of Plaintiffs' Claim.

21) As a direct and proximate result of State Farm's breach of contract with Plaintiffs, Plaintiffs have suffered consequential damages, including but not limited to:

a) The loss and damage to their property without indemnification provided for in the Policy;

b) The loss of use of his property and other insurance benefits;

c) The increased cost to repair and/or replace his property insured;

d) Depreciated amount of real and personal property; and

e) Other consequential damages.

WHEREFORE, Plaintiffs, Richard Krieg and Nicole Krieg, by counsel, respectfully request judgment in their favor and against defendant State Farm Fire and Casualty Company, and further requests the following relief:

A. For the payment of all proceeds available and due under the Policy;

B. For all reasonable compensatory and consequential damages;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

Respectfully submitted,
ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*
Attorney for Plaintiffs
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

## COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-21.   Plaintiffs repeat and re-allege rhetorical paragraphs 1-21, as if fully reincorporated herein.

22)   In addition to breaching its Contract with Plaintiffs, further breached its covenant of good faith and fair dealing with the Plaintiffs in one or more of the following manners:

   a)   By making an unfounded refusal to pay policy proceeds to Plaintiffs;

   b)   By causing an unfounded delay in making payment to Plaintiffs' damaged property;

   c)   By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

   d)   By attempting to exercise any unfair advantage to pressure Plaintiffs into a settlement of their claim;

   e)   By failing and refusing to pay the Plaintiffs in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiffs regarding their claim;

f) By compelling Plaintiffs to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

g) Defendant's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing, and has resulted in additional injury and damage to Plaintiffs, including but not limited to consequential damages and emotional distress.

WHEREFORE, Plaintiffs, Richard Krieg and Nicole Krieg, by counsel, respectfully requests judgment in their favor and against defendant State Farm Fire Casualty Company, and further request the following relief:

A. For all reasonable compensatory and consequential damages at law;

B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

/s/ C. Anthony Ashford
Attorney for Plaintiffs
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-22.    Plaintiffs repeat and re-allege rhetorical paragraphs 1-22, as if fully reincorporated herein.

23)    In addition to breaching its Contract with the Plaintiffs, and otherwise engaging in bad faith, by and through its employees and agents, engaged in extreme and outrageous conduct that intentionally and/or recklessly caused severe emotional distress to the Plaintiffs.

WHEREFORE, Plaintiffs, Richard Krieg and Nicole Krieg, by counsel, respectfully requests judgment in their favor and against defendant State Farm Fire Casualty Company, and further request the following relief:

  A. For all reasonable compensatory and consequential damages at law;

  B. For all recoverable punitive damages at law;

  C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

  D. For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*
Attorney for Plaintiffs
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

**JURY DEMAND**

**PLAINTIFFS, BY COUNSEL, HEREBY DEMAND TRIAL BY JURY.**

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

/s/ C. Anthony Ashford
Attorney for Plaintiffs

334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

**CERTIFICATE OF FILING**

I certify that on July 25, 2023, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

BY: /s/ C. Anthony Ashford